IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| RIVALFISH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06C0386 MANNING |
| | ) | |
| TRI-LAKE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

FILED
MAR 16 2006
Judge Blanche M. Manning
United States District Court

## NOTICE OF VOLUNTARY DISMISSAL

Plaintiff, Rivalfish, Inc. ("Rivalfish"), by its attorneys, pursuant to Rule 41(a)(1) the Federal Rules of Civil Procedure, for its Notice of Voluntary Dismissal, states as follows:

1. On or about January 23, 2006, Plaintiff, Rivalfish, an Illinois corporation, filed a Complaint At Law against Defendant, Tri-Lake, Inc. ("Tri-Lake"), a Florida corporation, alleging Copyright Infringement arising under the copyright laws of the United States, Title 28 U.S.C. § 1331, 1332, 1338, and 1367. This action has Court No. 06C0386. A copy of the Plaintiff's Complaint At Law is attached hereto as Exhibit A.

2. To date, there has been no service by the adverse party, Defendant Tri-Lake, of an answer.

3. Pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure,

> ....an action may be dismissed by the plaintiff without order of court
> (i) by filing a notice of dismissal at any time before service by the
> adverse party of an answer.... FRCP 41(a)(1).

**WHEREFORE**, Plaintiff, Rivalfish, respectfully enters this Notice of Voluntary Dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure dismissing this case No. 06C0386 without prejudice, costs or disbursements.

Dated: March 16, 2006

RIVALFISH, INC.

*/s/ Christopher Michael Welling*
Christopher Michael Welling
Attorney for Plaintiff, Rivalfish, Inc.

Case: 1:06-cv-00386 Document #: 8 Filed: 03/16/06 Page 2 of 10 PageID #:16

Case: 1:06-cv-00386 Document #: 8 Filed: 03/16/06 Page 3 of 10 PageID #:17

28007/13546/DVD/CMW
ARDC# 6204705

RECEIVED
JAN 23 2006
MICHAEL W. DOBBINS
CLERK U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RIVALFISH, INC., | ) | JUDGE MANNING |
| Plaintiff, | ) | |
| v. | ) No. | **06C 0386** |
| TRI-LAKE, INC., | ) | |
| Defendant. | ) | MAGISTRATE JUDGE VALDEZ |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, Rivalfish, Inc. ("Rivalfish"), and for its Complaint against Defendant, Tri-Lake, Inc. ("Tri-Lake"), alleges as follows:

### Nature of the Action

1. This is an action for copyright infringement under 28 U.S.C. § 1331, 1332, 1338, and 1367 and other relevant provisions of the U.S. copyright laws. Through this action, Plaintiff, Rivalfish, seeks damages and injunctive relief preventing Defendant, Tri-Lake, from manufacturing, selling, marketing or otherwise distributing goods and products that infringe Rivalfish's United States Copyright No. Vau648-516, incorporating a work titled "Rivalfish Logo" ("the Rivalfish Logo" or "the Rivalfish copyright").

EXHIBIT A

## Jurisdiction and Venue

2. This is an action for copyright infringement arising under the copyright laws of the United States, Title 28 U.S.C. § 1331, 1332, 1338, and 1367.

3. This Court has subject matter jurisdiction over this controversy concerning copyright infringement, by Defendant, by virtue of Title 28 U.S.C. § 1331, 1332, 1338, and 1367. The amount in controversy exceeds $75,000.00.

4. This Court has personal jurisdiction over Defendant by virtue of, among other bases, 735 ILCS § 5/2-209(a)-(c), in that the Defendant has transacted business in the State of Illinois, engaged in tortious acts within the State of Illinois and/or has contacts with the State of Illinois commensurate with the United States Constitution and the Illinois Constitution, so as to submit itself to the jurisdiction and process of this Court.

5. Venue is proper in this district by virtue of Title 28 U.S.C. §1391(b), §1391(c) and §1400(b). Defendant has extensive contacts and substantial ongoing business activities in Illinois, including in this district. Defendant has transacted business and committed acts of infringement in this district, and this action arises from the transaction of that business and that infringement.

## The Parties

6. Plaintiff, Rivalfish, Inc., is a corporation organized and existing under the laws of the State of Illinois and has its principal place of business at 1038 N. Grove Avenue, Oak Park, IL 60302. Rivalfish is in the business of manufacturing, selling, marketing and otherwise distributing goods and products that incorporate United States Copyright No. Vau648-516, the Rivalfish Logo. Rivalfish has conducted business in

Illinois and markets goods and products incorporating the Rivalfish Logo that are sold to Illinois residents and shipped to Illinois.

7. Defendant, Tri-Lake, Inc., is a corporation organized and existing under the laws of the State of Florida and has its principal place of business at 3601 West Main Street, Leesburg, Florida 34748. Tri-Lake is in the business of manufacturing, selling, marketing and otherwise distributing goods and products, including but not limited to, collegiate sportswear and related apparel.

### Claim for Relief

8. Prior to November 15, 2004, Rivalfish created an original ink drawing titled "Rivalfish Logo" (hereinafter referred to as the "subject work").

9. The subject work contains material wholly original with Rivalfish that is copyrightable subject matter under the laws of the United States.

10. On or about November 15, 2004, Rivalfish complied with Title 17 of the United States Code and, thereafter, a certificate was issued by the Register of Copyrights and bears registration number Vau648-516. (A true and correct copy of this certificate is attached hereto as Exhibit "A").

11. Rivalfish is currently, and at all relevant times hereto, has been the sole proprietor of all right, title, and interest in and to the copyright in the subject work.

12. Rivalfish has produced and distributed the subject work in strict conformity with the provisions of the copyright act and all other laws governing copyright.

13. Tri-Lake knowingly and willfully directly copied Rivalfish's subject work in its entirety.

14. Tri-Lake copied the subject work for the specific purpose of infringing Rivalfish's copyright and selling illegal and unauthorized copies of the subject work.

15. Tri-Lake's actions have been done in a manner calculated to deceive Rivalfish's customers and members of the general public.

16. The result of the action of Tri-Lake's wrongful conduct has been to deprive Rivalfish of the benefits of selling Rivalfish's subject work and its other products, to deprive Rivalfish of good will and to injure Rivalfish's relations with present and perspective customers.

17. Rivalfish has notified Tri-Lake that Tri-Lake has infringed the copyright of Rivalfish, and Tri-Lake continues to infringe the copyright.

18. Since at least January 1, 2005, Tri-Lake has been manufacturing, selling, and otherwise marketing goods and products protected by the copyright and has thereby been engaging in unfair trade practices and unfair competition against Rivalfish to cause Rivalfish irreparable damage.

**WHEREFORE**, Plaintiff, Rivalfish, seeks judgment and relief against Defendant, Tri-Lake, including:

    (a) An entry of judgment that Tri-Lake has infringed and continues to infringe the Rivalfish copyright and that such infringement has been and continues to be willful and deliberate;

    (b) Injunctive relief, during the pendency of this action and permanently, preventing Tri-Lake, its agents and servants from infringing the Rivalfish copyright in any manner, and from manufacturing, selling,

marketing or otherwise distributing, goods and products that infringe the Rivalfish copyright;

(c) An entry of judgment against Tri-Lake for damages to compensate Rivalfish for such damages as Rivalfish has sustained as a consequence of Tri-Lake's infringement of the Rivalfish copyright, Tri-Lake's unfair trade practices and Tri-Lake's unfair competition and for Tri-Lake to account for:

   i. all gains, profits, and advantages derived by Tri-Lake by said trade practices and unfair competition.

(d) An entry of judgment against Tri-Lake to compensate Rivalfish for all gains, profits, and advantages derived by Tri-Lake as a result of its unfair trade practices and unfair competition;

(e) An entry of judgment against Tri-Lake to compensate Rivalfish for costs, expenses, and reasonable attorneys' fees incurred by Rivalfish; and

(f) Such other and further relief as this court deems proper.

## JURY DEMAND

Plaintiff Rivalfish, Inc. demands a trial by jury for each matter so triable as of right.

Respectfully submitted,

Dated: January 23, 2006

RIVALFISH, INC., Plaintiff,

By: _____
David C. Van Dyke (#6204705)
CASSIDAY, SCHADE & GLOOR, LLP
20 N. Wacker Drive, Suite 1040
Chicago, IL 60606
(312) 641-3100 [phone]
(312) 444-1669 [fax]

5

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America



**Form VA**
For a Work of the Visual Arts

REG. **VAu 648-516**

EFFECTIVE DATE OF REGISTRATION

Nov. 15 2004

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1** Title of This Work ▼: Rivalfish Logo
NATURE OF THIS WORK ▼ See instructions: Ink Drawing

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give Volume ▼   Number ▼   Issue Date ▼   On Pages ▼

**2** NAME OF AUTHOR ▼: **a** Ben Rosa
DATES OF BIRTH AND DEATH
Year Born ▼ 1974   Year Died ▼

Was this contribution to the work a "work made for hire"?  ☐ Yes  ☒ No
Author's Nationality or Domicile Name of Country
Citizen of: USA  OR  Domiciled in: Illinois

Was This Author's Contribution to the Work
Anonymous? ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

NOTE
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was made for hire check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

Nature of Authorship Check appropriate box(es). See instructions
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☒ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

**b** Name of Author ▼
Dates of Birth and Death
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?  ☐ Yes  ☐ No
Author's Nationality or Domicile Name of Country
Citizen of:   OR  Domiciled in:

Was This Author's Contribution to the Work
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

Nature of Authorship Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

**3 a** Year in Which Creation of This Work Was Completed: 2004
**b** Date and Nation of First Publication of This Particular Work  Month ___ Day ___ Year ___ Nation ___

**4** COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼
RIVALFISH, Inc.
3324 N. Clifton Ave., Apt. 2F
Chicago, IL 60657

APPLICATION RECEIVED
NOV 15 2004
ONE DEPOSIT RECEIVED
NOV 15 2004
TWO DEPOSITS RECEIVED
FUNDS RECEIVED

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼
By written agreement and
Payment of Good and Valuable Consideration

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions. • Sign the form at line 8.
DO NOT WRITE HERE
Page 1 of 2 pages

**EXHIBIT A**

EXAMINED BY [signature]

CHECKED BY

☐ CORRESPONDENCE Yes

**FORM VA**

FOR COPYRIGHT OFFICE USE ONLY

\*Added by C.O. Authority phone conversation with David Van Dyke, 1/26/05.

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**5 PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼   Year of Registration ▼

**6 DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates ▼

b. Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed ▼

**7 DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼   Account Number ▼

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼
David C. Van Dyke
Cassiday, Schade & Gloor, LLP
20 N. Wacker Drive, Suite 1040
Chicago, IL 60606
Area code and daytime telephone number (312) 641-3100   Fax number (312) 444-1669
Email

**8 CERTIFICATION**\* I, the undersigned, hereby certify that I am the
check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of  RIVALFISH, Inc.
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
David C. Van Dyke    Date November 12, 2004

Handwritten signature (X) ▼
X [signature]

**9 Certificate will be mailed in window envelope to this address:**
Name ▼ David C. Van Dyke
Cassiday, Schade & Gloor, LLP
Number/Street/Apt ▼ 20 N. Wacker Drive, Suite 1040
City/State/ZIP ▼ Chicago, IL 60606

YOU MUST:
• Complete all necessary spaces
• Sign your application in space 8
SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material
MAIL TO:
Library of Congress
Copyright Office
101 Independence Avenue, SE
Washington, D.C. 20559-6000

\*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

U.S. Government Printing Office

